UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MIDLAND NATIONAL LIFE
INSURANCE COMPANY,**

        **Plaintiff,**

v.                                              Case No. 3:09cv198/MCR/MD

**CYNTHIA D. FREDRICKSEN,
f/d/a CYNTHIA D. ADKINS and
SHARON K. JUSTICE,**

        **Defendants.**
_____/

**O R D E R**

      Midland National Life Insurance Company ("Midland") brought a complaint for interpleader relief on the basis of a life insurance policy worth $588,694, to which Cynthia D. Fredricksen ("Fredricksen") and Sharon K. Justice ("Justice") both made claims (doc. 1) following the death of Michael Lippert on February 15, 2009. Fredricksen claims the proceeds on grounds that she was the original beneficiary in 2005 as Lippert's fiancee and that after the break-up of their relationship, he verbally agreed to name her as co-owner on the insurance policy to secure payment of their joint debt in the event of his death. Justice claims the proceeds on the basis that she is named as the sole beneficiary by a beneficiary change request dated December 14, 2007. The interpleader complaint invokes this court's diversity jurisdiction and Federal Rule of Civil Procedure 22.[1] *See* 28 U.S.C. § 1332. Justice filed an answer to the complaint and a crossclaim against Fredricksen,

---

[1] An interpleader action may also be brought pursuant to this court's original jurisdiction. *See* 28 U.S.C. § 1335; *see also Perkins State Bank v. Connolly*, 632 F.2d 1306, 1310 n.3 (5th Cir. 1980) (binding authority in light of *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent for this circuit)).

alleging tortious interference with a known contractual relationship and seeking declaratory relief that she (Justice) is the sole beneficiary of the policy (doc. 11). Pending before the court is Fredricksen's motion to dismiss the first crossclaim (doc. 17). *See* Fed. R. Civ. P. 12(b)(6). Justice opposes the motion (doc. 28).

The first crossclaim asserts that Fredricksen tortiously interfered with the contractual relationship between Justice, who is named as the sole beneficiary on the insurance policy, and Midland, the company that issued the policy. The first crossclaim alleges Fredricksen was aware of the insurance contract, was aware Justice was the sole beneficiary named on the contract, and was aware that her own name had been removed from the policy. It further alleges Fredricksen intentionally interfered with the policy proceeds by asserting a claim without any justification, that the interference was intended to punish Justice for maintaining a personal relationship with the decedent, and that the interference was intended to coerce Justice into "settling" with Fredricksen. The crossclaim alleges Fredricksen's interference was outrageous because she fraudulently asserted ownership to the policy proceeds through an attorney. Fredricksen moves to dismiss the first count of the crossclaim on grounds that she is entitled to an absolute litigation privilege for her act of asserting a claim to the proceeds. *See Boca Investors Group, Inc. v. Potash*, 835 So. 2d 273, 275 (Fla. 3d DCA 2002) (providing absolute immunity for acts and statements during the course of a judicial proceeding and for "any act necessarily preliminary to judicial proceedings"). Justice opposes the motion, arguing that the litigation privilege does not apply in this situation where Fredricksen is attempting to bootstrap her own misconduct into a privilege defense.

State law substantive rules of decision generally govern federal interpleader proceedings, and Florida law governs this dispute. *Perkins State Bank*, 632 F.2d at 1311. Under Florida law, "statements made in the course of judicial proceedings are accorded absolute privilege." *Burton v. Salzberg*, 725 So.2d 450, 451 (Fla. 3d DCA 1999). The litigation immunity initially afforded to defamatory statements made during the course of a judicial proceeding applies equally to other tortious behavior, such as tortious interference with a business relationship, "so long as the act has some relation to the

proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994); *see Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007). This immunity exists not only during trial but "arises upon the doing of any act necessarily preliminary to judicial proceedings." *Burton*, 725 So.2d at 451; *Pledger v. Burnup & Sims, Inc.*, 432 So.2d 1323, 1326 (Fla. 4th DCA 1983).

Fredricksen argues that her act of asserting co-ownership to the insurance proceeds in a claim to the insurance company was an act "necessarily preliminary to judicial proceedings," *Boca Investors Group*, 835 So.2d at 275, and as such she is entitled to absolute immunity under the litigation privilege. The pleadings, however, do not reveal a basis for applying absolute immunity here. While one example of the type of act that is "necessarily preliminary to a judicial proceeding" and entitled to immunity includes "insurance claims and other contract actions where the parties have agreed to a notice requirement as a condition precedent to suit," *Pledger*, 432 So.2d at 1326, this case does not fall within that example. Fredricksen did not bring suit against Midland, and unless she prevails on her claim to the proceeds, there is no basis on which to conclude that she had any contractual relationship with Midland. Also, Fredricksen and Justice had no agreement between them requiring notice as a condition precedent to suit. Notwithstanding the fact that Midland would not have brought this interpleader action absent Fredricksen's claim of the proceeds, the court cannot conclude that Fredricksen's claim was made in the course of this judicial proceeding so as to give rise to an absolute litigation privilege. There is a right, protected by the litigation privilege, to take certain steps that are necessary to pursuing a legitimate cause of action, *see Pledger*, 432 So. 2d at 1326, but there is no corollary right to take steps that interfere with another person's contractual rights and thereby cause litigation absent any legitimate interest in the subject matter. *See id.* (holding pre-litigation settlement discussions were subject to only a qualified privilege). *Compare Ingalsbe v. Stewart Agency, Inc.*, 869 So. 32d 30, 33 (Fla. 4th DCA 2004) (noting although settlements are privileged, there is no "corollary right to interfere with a fee contract between one of the settling parties and his lawyer"). No absolute privilege arises

Case No. 3:09cv198/MCR/MD

in this pre-suit context where a question of fact exists as to whether Fredricksen's claim to the proceeds amounted to interference without an interest in the subject matter, or whether she has a legitimate interest in the proceeds and made a good-faith pre-litigation claim. *See Pledger*, 432 So. 2d at 1328 (finding only a qualified privilege and a jury question where there was conflicting evidence regarding whether a defamatory publication was part of a good faith pre-litigation settlement or rather an action intended to injure another).

Accordingly, the court finds that the absolute litigation privilege does not apply, and Fredricksen's motion to dismiss Justice's first crossclaim is hereby DENIED.

**DONE AND ORDERED** this 2nd day of November, 2009.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**