# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**MIDLAND NATIONAL LIFE**
**INSURANCE COMPANY,**

       **Plaintiff,**

v.                                      Case No. 3:09cv198/MCR/MD

**CYNTHIA D. FREDRICKSEN,**
**f/d/a CYNTHIA D. ADKINS and**
**SHARON K. JUSTICE,**

       **Defendants.**
_____/

## ORDER and FINAL DECREE OF INTERPLEADER

Pending before the court in this interpleader action is the amended motion of plaintiff Midland National Life Insurance Company ("Midland") for entry of a final decree of interpleader (doc. 43), which is opposed by defendant Cynthia D. Fredricksen ("Fredricksen") (doc. 73) but not defendant Sharon K. Justice ("Justice"). Also pending is Fredricksen's motion for leave to amend her answer to assert a counterclaim against Midland and to add a third-party complaint against two individuals and a financial services company, all of whom she claims were agents of Midland (doc. 53). Midland and Justice both oppose the motion for leave to amend (docs. 69 & 76).[1] Having considered these motions and the responsive memoranda, the court hereby GRANTS, in part, and DENIES, in part, Midland's amended motion for final decree of interpleader, and the court DENIES Fredricksen's motion for leave to amend.

---

[1] The court also permitted Fredricksen to file a reply to Midland's response in opposition to her motion. (Doc. 78.)

**Background**

This action involves a dispute over the proceeds to a life insurance policy, Policy No. 1502671621. The complaint makes the following assertions, supported by documentary exhibits. The insured, Michael W. Lippert (deceased), initially designated Cynthia D. Adkins (now Fredricksen) as the beneficiary of a life insurance policy dated December 20, 2005, with a face value of $588,694.00. On January 15, 2007, Midland received a change of ownership form from the insurance brokerage company that sold the policy, Currid Tommy Wolfe Insurance & Financial Services, requesting to add three new owners to the policy – Adkins; a business, "Body Connection;" and Adkins as trustee of a trust dated November 15, 2006. The form was purportedly signed by Lippert and Adkins on November 14, 2006, but on January 25, 2007, Midland rejected the change due to deficiencies in the form. Midland sent a letter to insurance agent Osbourne Collins, an employee of Currid Tommy Wolfe Insurance & Financial Services, explaining the deficiencies that prevented Midland from processing the change. On September 24, 2007, Midland received a beneficiary change request form on Lippert's policy, naming Adkins as the beneficiary of 35% of the proceeds and Sharon K. Justice the beneficiary of the remaining 65% of the proceeds. On December 14, 2007, Lippert again requested a beneficiary change, this time naming Justice the sole beneficiary. This change was recorded on December 20, 2007, and Lippert died on February 15, 2009. Thereafter, both Fredricksen and Justice made claims against Midland for the policy proceeds – Justice as the sole beneficiary and Fredricksen claiming to be a part owner, whose consent would have been necessary (but was not given) to effectively change the beneficiary.

Midland filed this interpleader action, seeking to deposit the funds with the court and be relieved from liability for the proceeds as well as from further litigation regarding the sum. The court granted the motion for interpleader and ordered Midland to deposit the funds to escrow agents (doc. 38). Midland has deposited the funds as ordered (doc. 90). After the time for amending the pleadings or adding parties had run, Midland filed an amended request for a final decree of interpleader, now pending before the court, seeking to terminate its participation in this lawsuit with prejudice. Midland admits liability for the

amount of the policy proceeds but asserts that, as a disinterested stakeholder, its participation in the dispute between Fredricksen and Justice is not necessary. Midland seeks costs and attorneys' fees. Justice does not object to the motion for entry of a final decree of interpleader, but Fredricksen opposes the motion, asserting Midland is not a disinterested stakeholder and that any dismissal of Midland should be without prejudice.

Fredicksen then filed a motion to amend her answer. She seeks to add a counterclaim against Midland on grounds of negligence for its alleged failure to process Lippert's change of ownership form in a timely manner or notify Fredricksen of the deficiency in January 2007. She also seeks to add a third-party complaint against Tommy Wolf Currid, individually and doing business as Currid Tommy Wolfe Insurance & Financial Services; Osbourne Collins; and Currid Tommy Wolfe Insurance & Financial Services, all of whom she claims to be agents of Midland. Fredricksen seeks to add claims of negligence and breach of fiduciary duty against them for their alleged part in the failure to process the change of ownership form or to notify Lippert of Fredricksen of the deficiency in the form. Midland and Justice both oppose Fredricksen's attempt to amend her pleading as untimely and not supported by a showing of good cause as required by Rule 16. *See* Fed. R. Civ. P. 16(b)(4). Fredricksen replies that the more liberal standard of Rule 13(f)[2] and Rule 15(a) apply when a party seeks to add a counterclaim and she asserts excusable neglect justifies granting her untimely motion for leave to amend.

**Discussion**

Motion for Leave to Amend Answer

The final scheduling order in this case required parties to amend their pleadings or join additional parties by October 15, 2009, and to complete discovery by December 31, 2009. Fredricksen filed a motion for leave to amend her answer on November 14, 2009, asserting excusable neglect to justify her failure to abide by the scheduling deadline and

---

[2] As of December 1, 2009, Federal Rule of Civil Procedure 13(f) has been abrogated. The notes accompanying the amendment state that it was eliminated to avoid uncertainty regarding the availability of relation back of the amendment. An amendment to add a counterclaim or crossclaim now is governed solely by Rule 15.

Case No.: 3:09cv198/MCR/MD

citing Rule 15(a)(2) as authority for the court to liberally grant amendments. Because she was seeking to amend her answer several weeks after the scheduling order's deadline, Midland and Justice opposed the motion, asserting that the standard of Rule 16 – not Rule 15 – applies to this situation. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

Ordinarily, requests to amend a pleading to assert an omitted counterclaim should be freely granted when justice so requires. See Fed. R. Civ. P. 15(a)(2). In light of Rule 15(a)'s liberal approach to granting leave to amend, the Eleventh Circuit generally requires a substantial reason, such as bad faith, dilatory motive, repeated failure to cure deficiencies through amendment previously allowed, undue prejudice, or futility, to justify denying leave to amend. Wood v. Archbold Med. Ctr., Inc., No. 7:07cv109, 2009 WL 3327194, at *2 (M.D. Ga. Oct. 9, 2009) (slip op.) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). However, it is clear in this circuit that parties seeking to amend must also comply with scheduling deadlines set forth in the scheduling order established pursuant to Rule 16(b). See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998). Where, as here, a motion to amend is not filed until after the deadline set forth in the scheduling order, the party must demonstrate good cause under Rule 16(b)(4) before the court will consider whether the amendment is proper under Rule 15(a). Id.; see also United Nat'l Ins. Co. v. Owl's Nest of Pensacola Beach, Inc., 3:05cv374, 2006 WL 1653380, at *2 (N.D. Fla. 2006). To consider only Rule 15(a) without regard to the scheduling order created pursuant to Rule 16(b), "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa, 133 F.3d at 1419; see also Millenium Partners, L.P. v. Colmar Storage, LLC, 494 F.3d 1293, 1299 (11th Cir. 2007).

"To establish good cause, the party seeking the extension must have been diligent." Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008); Sosa, 133 F.3d at 1418 (stating "[t]he good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension" (internal marks omitted)). Mere "carelessness is not compatible with a finding of diligence." Will-Burn Recording &

*Pub. Co. v. Universal Music Group Records*, No. 08-0387, 2009 WL 1118944, at *3 (S.D. Ala. 2009) (slip op.) (internal marks omitted). If either the facts necessary to formulate the claim were known prior to the deadline or the moving party failed to seek the information it needed to determine whether an amendment was required before the deadline passed, the moving party cannot establish the diligence necessary to show good cause. *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241-42 n.3 (11th Cir. 2009).

Fredricksen makes no attempt to demonstrate good cause for her failure to timely file the motion for leave to amend, arguing instead that she presented grounds to establish excusable neglect under Rule 15(a) because she believed, until Midland moved for a dismissal with prejudice, that the issue regarding Midland's role in the failed change of ownership request would be fully adjudicated in the interpleader action. However, as noted, she must demonstrate good cause pursuant to Rule 16(b)(4). Fredricksen makes no assertion that the facts necessary to her claims were not known or discoverable with due diligence prior to the deadline for amending pleadings. In fact, the information necessary to her claims was included in the complaint and the attached exhibits. Fredricksen argues that no party is prejudiced by her failure to meet the deadline by only a matter of weeks because the time for discovery still has not yet run, but prejudice is immaterial in the court's determination of whether good cause has been shown. *See Beauregard v. Cont'l Tire N. Am., Inc.*, No. 3:08cv37, 2009 WL 464998, at * 3 (M.D. Fla. 2009) (slip op.) (noting prejudice is immaterial and finding no good cause where leave to amend was sought only three weeks after the deadline but the motion could have been made in a timely manner). There is no assertion or indication here that the deadline could not have been met despite diligent efforts to do so, and accordingly, good cause for permitting leave to amend is not shown. The court, therefore, denies Fredricksen's motion for leave to amend her answer.

<u>Amended Motion for Final Decree of Interpleader</u>

Midland has demonstrated that it is entitled to a final decree of interpleader dismissing it from this action and from further liability regarding the policy proceeds at issue. The court is reluctant to give Midland a complete discharge of liability with prejudice,

however, because the time for discovery has not yet run and Fredricksen asserts that she has a tort claim against Midland for the manner in which it handled the change of ownership request. *See Tilley v. Barrs*, No. 5:08cv434, 2009 WL 2750991, at *2 (M.D. Ga. Aug. 25, 2009) (slip op.) (dismissing the insurer without prejudice where there may be a tort claim or some other claim against the insurer arising out of the manner in which it handled the claim). While Midland's liability beyond the face of the policy proceeds is unlikely, the court cannot conclude as a matter of law that Fredricksen has no tort claim arising out of the manner in which Midland handled, or failed to process, the change of ownership form. Accordingly, the court dismisses Midland without prejudice to other claims that may arise out of the change of ownership form, but Midland is completely discharged from any further liability regarding the deposited funds that represent the policy proceeds and any claim asserted, or which may be asserted, against those funds.

Midland also requests costs and attorneys fees. The general rule is that an award of attorney's fees and costs to a disinterested stakeholder is within the district court's discretion. *Prudential Ins. Co. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986). Attorney's fees are usually justified in interpleader actions unless the interpleader claim arises out of the normal course of business. *See In re Mandalay Shores Co-op. Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). When an insurance company "avails itself of interpleader to resolve some disputed claims to insurance proceeds – disputes that arise with some modicum of regularity," the proceeding is used as a tool to allocate the proceeds and avoid further liability, and the associated costs of bringing such an action are a foreseeable part of business. *Id.* Unlike totally innocent stakeholders, "an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award." *Id.*; *see also Metropolitan Life Ins. Co. v. Carter*, No. 3:04cv668, 2005 WL 2810699, at *11 (M.D. Fla 2005) (unpublished). The court is not aware of any extraordinary circumstances that would except this case from the "normal course of business" rule of *Mandalay Shores*. *See generally, Life Investors Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256-57 (M.D. Ala. 2002). Midland is a life insurance company, distribution of life insurance proceeds is a routine aspect of its business, and the

interpleader action was brought in its own self interest to discharge it from liability in regard to the proceeds. *See Prudential Property & Cas. Co. v. Baton Rouge Bank & Trust Co.*, 537 F. Supp. 1147, 1150-51 (M.D. Ga. 1982). This was a relatively straightforward case, the type for which Midland can plan for interpleader as a regular cost of business. Accordingly, the court denies Midland's request for attorneys' fees and costs.

**Conclusion**

Accordingly, it is hereby ORDERED:

1. Midland's motion for final decree of interpleader (doc. 43) is GRANTED, in part, and DENIED, in part, as follows:

 a. Midland is discharged of all liability to any person for the life insurance proceeds at issue, Policy No. 1502671621, now deposited in escrow, and the defendants and any person claiming through them or for their benefit are permanently enjoined from commencing or prosecuting any proceeding or claim against Midland with respect to the insurance proceeds payable under Policy No. 1502671621.

 b. Midland is dismissed from further participation in this lawsuit, however, dismissal shall be without prejudice to any claims arising out of the change of ownership form which do not involve the proceeds of the insurance policy.

 c. Midland's request for costs and attorney's fees is denied.

2. Fredricksen's motion for leave to amend her answer (doc. 53) is DENIED.

3. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this decree is a final judgment as to Midland National Life Insurance Company and the court determines that there is no just reason for delay.

**DONE and ORDERED** this 24th day of December, 2009.

       *s/ M. Casey Rodgers*
       **M. CASEY RODGERS**
       **UNITED STATES DISTRICT JUDGE**