# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**MIDLAND NATIONAL LIFE
INSURANCE COMPANY,**

    **Plaintiff,**

v.     Case No. 3:09cv198-MCR/MD

**CYNTHIA D. FREDRICKSEN,
f/d/a CYNTHIA D. ADKINS and
SHARON K. JUSTICE,**

    **Defendants.**

_____/

## O R D E R

Pending before the court is Defendant Sharon K. Justice's Emergency Motion to Extend Time for Discovery and to Extend Time for Justice to File Motions for Summary Judgment and Statements in Support Thereof (doc. 140). Defendant Cynthia D. Fredricksen has filed a response in opposition to the motion (doc. 149). Having considered the parties' arguments, the court now DENIES the motion.

**Background**

This action involves a dispute over the proceeds to a life insurance policy. The complaint in interpleader filed by Midland National Life Insurance Company ("Midland") asserts that the insured, Michael W. Lippert (deceased), initially designated Defendant Cynthia D. Adkins (now "Fredricksen") as the beneficiary of a life insurance policy dated December 20, 2005, with a face value of $588,694.00. On January 15, 2007, Midland received a change of ownership form from the insurance brokerage company that sold the policy, Currid Tommy Wolfe Insurance & Financial Services, requesting to add three new owners to the policy – Fredricksen; a business, "Body Connection;" and Fredricksen as trustee of a trust dated November 15, 2006. The form was purportedly signed by Lippert

and Fredricksen on November 14, 2006, but on January 25, 2007, Midland rejected the change due to deficiencies in the form.  Midland sent a letter to insurance agent Osbourne Collins, an employee of Currid Tommy Wolfe Insurance & Financial Services, explaining the deficiencies that prevented Midland from processing the change.  On September 24, 2007, Midland received a beneficiary change request form on Lippert's policy, naming Fredricksen as the beneficiary of 35% of the proceeds and Sharon K. Justice ("Justice") the beneficiary of the remaining 65% of the proceeds.  On December 14, 2007, Lippert again requested a beneficiary change, this time naming Justice as the sole beneficiary.  This change was recorded on December 20, 2007, and Lippert died on February 15, 2009.  Thereafter, both Fredricksen and Justice made claims against Midland for the policy proceeds.

Midland filed this interpleader action, seeking to deposit the funds with the court and be relieved from liability for the proceeds as well as from further litigation regarding the sum.  The court granted the motion for interpleader, ordered Midland to deposit the funds to escrow agents, and entered a final decree of interpleader (docs. 38 & 104).

The case has proceeded through discovery, which ended on December 31, 2009.  Dispositive motions were due by February 1, 2010.  Justice and Fredricksen each filed timely summary judgment motions, which remain pending before the court.  On February 18, 2010, Justice moved to strike from Fredricksen's summary judgment motion any reference to the November 2006 change of ownership form, which is attached to the complaint (doc. 1) as Exhibit B, and attached to Fredricksen's motion for summary judgment as Exhibit G (doc. 123-2, at 48).  The motion to strike also remains pending and will be considered by the court together with the motions for summary judgment.

On March 2, 2010, Justice filed an emergency motion to extend the time for discovery and to permit additional motions for summary judgment (doc. 140), which is the subject of this order.  Justice seeks to reopen discovery in order to obtain the original November 2006 change of ownership form and to seek expert handwriting testimony to determine the authenticity of the signature of Michael Lippert, which appears on the form.  Justice asserts that the authenticity of the document was raised only during the deposition

and Fredricksen on November 14, 2006, but on January 25, 2007, Midland rejected the change due to deficiencies in the form.  Midland sent a letter to insurance agent Osbourne Collins, an employee of Currid Tommy Wolfe Insurance & Financial Services, explaining the deficiencies that prevented Midland from processing the change.  On September 24, 2007, Midland received a beneficiary change request form on Lippert's policy, naming Fredricksen as the beneficiary of 35% of the proceeds and Sharon K. Justice ("Justice") the beneficiary of the remaining 65% of the proceeds.  On December 14, 2007, Lippert again requested a beneficiary change, this time naming Justice as the sole beneficiary.  This change was recorded on December 20, 2007, and Lippert died on February 15, 2009.  Thereafter, both Fredricksen and Justice made claims against Midland for the policy proceeds.

Midland filed this interpleader action, seeking to deposit the funds with the court and be relieved from liability for the proceeds as well as from further litigation regarding the sum.  The court granted the motion for interpleader, ordered Midland to deposit the funds to escrow agents, and entered a final decree of interpleader (docs. 38 & 104).

The case has proceeded through discovery, which ended on December 31, 2009.  Dispositive motions were due by February 1, 2010.  Justice and Fredricksen each filed timely summary judgment motions, which remain pending before the court.  On February 18, 2010, Justice moved to strike from Fredricksen's summary judgment motion any reference to the November 2006 change of ownership form, which is attached to the complaint (doc. 1) as Exhibit B, and attached to Fredricksen's motion for summary judgment as Exhibit G (doc. 123-2, at 48).  The motion to strike also remains pending and will be considered by the court together with the motions for summary judgment.

On March 2, 2010, Justice filed an emergency motion to extend the time for discovery and to permit additional motions for summary judgment (doc. 140), which is the subject of this order.  Justice seeks to reopen discovery in order to obtain the original November 2006 change of ownership form and to seek expert handwriting testimony to determine the authenticity of the signature of Michael Lippert, which appears on the form.  Justice asserts that the authenticity of the document was raised only during the deposition

testimony of Tommy Currid on December 19, 2009; that her attorney has been diligent but ill; and that therefore good cause exists to extend the discovery deadline and permit additional summary judgment motions to be filed. Fredricksen opposes the motion, arguing that good cause has not been shown because the document was available for inspection and the authenticity of the document is not in question.

**Discussion**

Rule 16 of the Federal Rules of Civil Procedure provides that the court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998) (quoting Fed. R. Civ. P. 16 Advisory Committee's Note). Mere "'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" *Will-Burn Recording & Pub. Co. v. Universal Music Group Records*, No. 08-0387, 2009 WL 1118944, at *2 (S.D. Ala. 2009) (slip op.) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). The moving party cannot establish the diligence necessary to show good cause if it had full knowledge of the information before the scheduling deadline passed or if the party failed to seek the needed information before the deadline. *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241-42 n.3 (11th Cir. 2009).

Justice's motion in fact seeks to reopen discovery, not extend it; she did not move to extend the deadline prior to its passing on December 31, 2009. Because a copy of the change of ownership form was attached to the complaint when it was filed in May 2009, she cannot claim the form is newly discovered. It has been the underlying basis for Fredricksen's claim to the insurance proceeds in this case from the outset. In her answer, Fredricksen asserted that she signed the change of ownership form on November 14, 2006, and represented that the deceased, Lippert, signed it on November 16, 2006. The complaint and Fredricksen's answer both represent that the change of ownership form was submitted to Tommy Wolfe Currid for transmission to the insurance company. Additionally, in an interrogatory attached to Justice's own memorandum in support of her timely filed

Case No. 3:09cv198/MCR/MD

motion for partial summary judgment (filed in November 2009, well before the expiration of the discovery deadline), Fredricksen discusses her reliance on the change of ownership form and represents that Tommy Currid was one who had possession, custody, or control over records pertaining to her claim of ownership of the policy. (Doc. 76, at 19-20.) Any difficulty obtaining the original of the document could have been submitted to this court in a motion to compel well prior to the expiration of discovery. Even assuming Justice was not actually aware of a question regarding the authenticity of the change of ownership form until taking Currid's deposition on December 19, 2009, and that her attorney became ill over the holidays, a motion to extend the deadline for discovery could have been timely filed prior to December 31, 2009.[1] Justice represents in her motion to strike that she did not demand the original change of ownership form until January 11, 2010, which was after the expiration of the discovery deadline. The court concludes that due diligence has not been shown.

**Conclusion**

Absent a showing of due diligence, good cause has not been demonstrated to justify reopening the time for discovery in this case. Accordingly, it is hereby ORDERED that Justice's Emergency Motion to Extend Time for Discovery and to Extend Time for Justice to File Motions for Summary Judgment and Statements in Support Thereof (doc. 140) is DENIED.

**DONE and ORDERED** this 22nd day of March, 2010.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] In fact, Fredricksen filed a timely motion for additional time to complete depositions on December 21, 2009 (doc. 93), to which Justice filed a written opposition (doc. 94). Fredricksen withdrew the motion the next day, December 22, 2009 (doc. 100), but the record reveals that Justice's counsel was not too ill on December 21 to file a quick response to Fredricksen's motion to extend the deadline, and thus presumably also could have sought his own extension of the deadline if necessary.